| B 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFF<br><br>Harvie Leo Belew | Defendant<br><br>SN Servicing Corporation<br>Attn: Robin P. Arkley II President<br>323 Fifth Street<br>Eureka CA 95501<br><br>SN Servicing Corporation<br>C/O The Prentice-Hall Corporation System Inc.<br>2908 Poston Avenue<br>Nashville TN 37203-1312<br><br>TIKI SERIES III TRUST C/O US Bank NA<br>Attn: CFO Andrew Cecere<br>800 Nicollet Mall<br>Minneapolis, MN 55402-4302 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>**Keith D Slocum**<br>**HARLAN, SLOCUM & QUILLEN**<br>**P.O. BOX 949**<br>**COLUMBIA TN 38402-0949**<br>**931/381-0660**<br>**bknotices@robertharlan.com** | ATTORNEYS (if known) |

PARTY (Check one box only)   ☐ U.S. PLAINTIFF   ☐ 2  U.S. Defendant   ☒ 3  U.S. NOT A PARTY

**CAUSE OF ACTION**  Complaint Seeking Damages in Core Adversary Proceeding

NATURE OF SUIT

(Check the one most appropriate box only)

| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Pla | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
|---|---|---|---|---|---|---|---|---|
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| DEMAND | NEAREST THOUSAND greater than $500,000.00 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Harvie Leo Belew | BANKRUPTCY CASE NUMBER 20-05437-CW1-13 ||
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISIONAL OFFICE **Columbia** | NAME OF JUDGE Charles M Walker |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFFS | Defendant || ADVERSARY PROCEEDING NUMBER |
| DISTRICT | DIVISIONAL OFFICE || NAME OF JUDGE |

| FILING FEE (Check one box only) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>June 14, 2021 | PRINT NAME<br>**Keith D Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>\s\ **Keith D. Slocum** ||

B-104

(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

This cover sheet must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter

the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. T
Initial consultation,

fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

Harvie Leo Belew                                                                     BK: 20-05437-CW1-13
xxx-xx-2161
Debtor

Harvie Leo Belew
Plaintiff

vs.

SN Servicing Corporation
TIKI SERIES III TRUST C/O US Bank NA
Defendant(s)                                                       Adv. No.

**Complaint Seeking Damages in a Core Adversary Proceeding**

**I. Introduction**

1. This is an action which objects to the Defendant's claim, seeks the correct amount of any claim, if allowed, seeks injunctive and/or estoppel from asserting ceratin amounts owed, seeks disallowance of fees and charges not approved and/or authorized, and an action for actual and statutory damages filed by the Debtor for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB). This is also an action for actual and statutory damages filed by the Debtors for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA"). This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR Section 1024.36© and 12 CFR Section 1024.36(d)(2)(i)(A) of Regulation X.

2. This is also an action for violations of Bankruptcy Rule 3001.

## II. Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event all or some claims in this case are determined to be non-core proceedings then, and in that event, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## III. Parties

7. The Plaintiff in this case is a Debtors under Chapter 13 of Title 11 in the above-captioned case.

8. SN Servicing Corporation is the Plaintiff's mortgage servicer and is servicing the loan for TIKI SERIES III TRUST C/O US Bank NA. SN Servicing is doing business in the state of Tennessee, hereafter these two will be referred to as "Defendant".

## IV. Factual Allegations

9. In the Plaintiff's previous Chapter 13 case, 15-02994, an Order was entered declaring the Plaintiff's mortgage current and defaults cured, copy attached as Exhibit 1.

10. The Chapter 13 Trustee made an additional payment, August 2020- report attached as Exhibit2. The arrearage claim detail from that case is attached as Exhibit 3.

11. The Plaintiff received a discharge on August 27, 2020, copy attached as Exhibit 4.

12. This Chapter 13 Bankruptcy case, 20-05437, was filed December 15, 2020.

13. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiff includes a disputed debt to the Defendant secured by a deed of trust on the residential real estate belonging to the Plaintiffs. The Chapter 13 plan as confirmed March 22, 2021, includes treatment of that debt to the Defendant as a "continuing" debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision. A copy of the confirmation order is attached as Exhibit 5.

14. On December 18, 2020, the Plaintiff sent a request for information to the Defendant requesting a copy of the note with any and all endorsements and allonges, copy attached as Exhibit 6.

15. On December 18, 2020, the Plaintiff sent a request for information to the Defendant requesting a copy of the mortgage servicing file, copy attached as Exhibit 7.

16. On December 18, 2020, the Plaintiff sent a request for information to the Defendant requesting an exact reproduction of the life of loan transactional history using the servicer's system of record. This request also requested that, to the extent that numerical or alpha-numerical codes were included, that a complete list of all such codes and for a short description of each code in plain English, copy attached as Exhibit 8.

17. On December 18, 2020, the Plaintiff sent a request for information to the Defendant requesting a copy the ownership information, copy attached as Exhibit 9.

18. On December 18, 2020, the Plaintiff sent a request for information to the Defendant requesting the 2019 and 2020 escrow analysis, copy attached as Exhibit 10.

19. On January 27, 2021, the Defendant filed an objection to the Plaintiff's confirmation, attached as 11. The basis for the Defendant's objection was that the Plaintiff's plan only included one GAP payment. The Defendant later withdrew his objection, attached as Exhibit 12.

20. On February 15, 2021, the Defendant filed a claim in this case, attached as Exhibit 13.

21. On April 13, 2021, the Defendant filed a notice of post-petition fees, charges and or expenses, attached as Exhibit 14. The Plaintiff filed a motion under Rule 3002.1 and the Defendant filed a response, attached as Exhibit 15 and then filed another notice of post-petition fees, charges and or expenses, attached as Exhibit 16.

22. As Exhibit 17, the Plaintiff attaches copies of his post-petition statements.

### V. Claims for Relief-

### First Claim- Objection to Claim

23. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

24. The Defendant's claim contains inaccurate information.

25. The claim should contain principal and interest owed for September, October and November 2020. This means that the pre-petition principal owed should be $601.89 and the pre-petition interest owed should be $965.28.

26. The claim also lists the creditor as TIKI Series III Trust in part 1 but then lists the creditor as Bungalow Series III Trust on the 410A.

27. The claim includes pre-petition fees, cost and or charges in the amount of $1,738.88 of that work best for you which $1,712.75 appears to be forbearance interest.

28. The claim includes an allonge on page 9 of 23 which does contain a blank endorsement. However, the blank endorsement is from Citifinancial Servicing LLC, A Delaware Limited Liability Company not the lender named in the note and deed which is Citifinancial Services Inc.

29. Based on the foregoing, the Plaintiff objects to the Defendant's claim and asks that it be disallowed, or alternatively, valued at zero for the and considered released upon the Plaintiff's successful discharge of this bankruptcy.

**Second Claim- RESPA/TILA (Reg. X)/(Reg. Z)**

30. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

31. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

32. On January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

33. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

34. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

35. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

36. On December 24, 2020, the Defendant received the Plaintiff's Regulation Z and Regulation X request for information requesting a copy of the note, any and all allonges and or endorsements, attached as Exhibit 6.

37. The request was made by certified mail, having a tracking number 70201810000049777962. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

38. The five business day time period to acknowledge receipt of the request expired on December 31, 2020.

39. The Plaintiff did not receive an acknowledgment.

40. The thirty business day time period to acknowledge receipt of the request expired on February 11, 2021.

41. The Plaintiff did not receive the requested information.

42. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00 under regulation X and damages of up to $4,000.00 under regulation Z- 15 U.S.C.A. section 1641.

### Third Claim- RESPA (Reg. X)

43. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

44. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

45. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

46. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

47. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

48. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

49. On December 24, 2020, the Defendant received the Plaintiff's Regulation X request for information requesting a copy of the mortgage servicing file, attached as Exhibit 7.

50. The request was made by certified mail, having a tracking number 70201810000049777962. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

51. The five business day time period to acknowledge receipt of the request expired on December 31, 2020.

52. The Plaintiff did not receive an acknowledgment.

53. The thirty business day time period to acknowledge receipt of the request expired on February 11, 2021.

54. The Plaintiff did not receive the requested information.

55. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00 under regulation X.

**Fourth Claim- RESPA (Reg. X)**

56. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

57. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

58. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

59. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

60. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

61. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific

Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

62. On December 23, 2016, the Defendant received the Plaintiff's request for information requesting only a life of loan transaction history, see Exhibit 8.

63. The request was made by certified mail, having a tracking number 70201810000049777962. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

64. The five business day time period to acknowledge receipt of the request expired on December 31, 2020.

65. The Plaintiff did not receive an acknowledgment.

66. The thirty business day time period to acknowledge receipt of the request expired on February 11, 2021.

67. The Plaintiff did not receive the requested information.

68. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00 under RESPA/regulation X.

## Fifth Claim- RESPA/TILA (Reg. X)/(Reg. Z)

69. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

70. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

71. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

72. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

73. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

74. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

75. On December 24, 2020, the Defendant received the Plaintiff's Regulation Z and Regulation X request for information requesting that the Defendant provide the identity of the current owner, master servicer and servicer of the Plaintiff's loan, attached as Exhibit 9.

76. The request was made by certified mail, having a tracking number 70201810000049777962. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

77. The five business day time period to acknowledge receipt of the request expired on December 31, 2020.

78. The Plaintiff did not receive an acknowledgment.

79. The thirty business day time period to acknowledge receipt of the request expired on

February 11, 2021.

80. The Plaintiff did not receive the requested information.

81. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00 under regulation X and damages of up to $4,000.00 under regulation Z- 15 U.S.C.A. section 1641.

### Sixth Claim- RESPA (Reg. X)

82. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

83. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

84. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

85. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

86. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

87. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate

Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

88. On December 23, 2016, the Defendant received the Plaintiff's request for information requesting only the escrow information for 2019 and 2020, see Exhibit 10.

89. The request was made by certified mail, having a tracking number 70201810000049777962. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

90. The five business day time period to acknowledge receipt of the request expired on December 31, 2020.

91. The Plaintiff did not receive an acknowledgment.

92. The thirty business day time period to acknowledge receipt of the request expired on February 11, 2021.

93. The Plaintiff did not receive the requested information.

94. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00 under RESPA/regulation X.

### Seventh Claim- (VIOLATION OF FED. R. BANKR. P. 3002.1(c), ENFORCED BY 3002.1(i))

95. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

96. Fed. R. Bank. P. 3002.1(c) states that: The holder of the claim shall file and serve on the Debtor, Debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts

are recoverable against the Debtor or against the Debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

97. In this case, the Defendant has now filed two Notices of post petition fees (hereinafter "NOPPF") asking for $1,000.00 in the first and $700.00 for the same services in the second.

98. The agreement is governed by its terms by the laws of the state of Tennessee. In Tennessee the Rule can be stated as:

**a)** A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

> **(1)** the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> **(2)** the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> **(3)** the fee customarily charged in the locality for similar legal services;
> **(4)** the amount involved and the results obtained;
> **(5)** the time limitations imposed by the client or by the circumstances;
> **(6)** the nature and length of the professional relationship with the client;
> **(7)** the experience, reputation, and ability of the lawyer or lawyers performing the services;
> **(8)** whether the fee is fixed or contingent;
> **(9)** prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> **(10)** whether the fee agreement is in writing.

99. The Plaintiff does not believe that these fees are necessary, authorized or reasonable.

100. The Plaintiff's note indicates that the Plaintiff agrees to pay any reasonable and actual attorney fee's and other cost incurred in the collection or enforcement of this disclosure statement, Note and Security Agreement as permitted by law.

101. The Plaintiff contends that a fee for an objection to confirmation over one payment being GAP versus arrearage form an experienced bankruptcy attorney in this district is unnecessary and unreasonable as the confirmation Orders also provide that the claim controls.

102. The Plaintiff contends that a fee for a proof of claim with the numerous previously

outlined inconsistencies and or inaccurate information is both unnecessary and unreasonable.

103. Upon information and belief, Defendant's conduct as described herein is part of a general pattern and practice of conduct by Defendant, which is either expressly authorized by, or not specifically prohibited by, Defendant's policies and procedures.

104. Pursuant to Fed. R. Bankr. P. 3002.1(i), Defendant's failure to comply with Fed. R. Bankr. P. 3002.1 allows the Court, after notice and hearing, to preclude Defendant from presenting any evidence regarding these fees and charges in this adversary proceeding, and/or to award Plaintiff appropriate relief, including actual damages, punitive damages, reasonable expenses, and attorneys' fees caused by Defendant's failure to comply.

## VI. Actual Damages

105. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

106. In this case, the Plaintiff has suffered the following actual damages:
   a. Travel expenses
   b. Attorney fees
   c. Mailings
   d. Paying interest on the incorrect loan amount
   e. Not getting proper credit for payments
   f. Paying fees and charges that unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount
   g. Emotional distress

**WHEREFORE,** the Plaintiff having set forth the claims for relief against the Defendant respectfully pray of the Court as follows:

   A. That the Defendant be required to answer this Complaint.

   B. Based on the Plaintiff's first claim for relief (paragraphs 23-29, 105-106), that the Defendant's claim be disallowed and that the Plaintiff be awarded relief, including injunctive relief.

C. Based on the Plaintiff's second claim for relief (paragraphs 30-42, 105-106), that Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's claim for relief for relief under the provisions of Regulation X, RESPA and regulation Z, TILA.

D. Based on the Plaintiff's third claim for relief (paragraphs 43-55, 105-106), that Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's claim for relief under the provisions of Regulation X, RESPA.

E. Based on the Plaintiff's fourth claim for relief (paragraphs 56-68, 105-106), that Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's claim for relief under the provisions of Regulation X, RESPA.

F. That the Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's fifth claim for relief (paragraphs 69-81, 105-106) for relief under the provisions of Regulation X, RESPA and Regulation , TILA.

G. Based on the Plaintiff's sixth claim for relief (paragraphs 82-94, 105-106), that Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's claim for relief under the provisions of Regulation X, RESPA.

H. That the Court enter an Order which enjoins any evidence in support of any fees, charges and/or payment adjustments, denies any fees, charges and/or payment adjustments and awards Plaintiffs Attorney's Fees based on the Plaintiff's seventh Claim for Relief (paragraphs 95-106) and pursuant to the Federal Rule of Bankruptcy Procedure 3002.1.

I. That in the event the Plaintiff is successful in this action, that Defendant be enjoined thereafter in attempting to modify the payment records of the Plaintiff to assess any damages and fees awarded in this matter against the Plaintiff's account.

J. That the Plaintiff recover against the Defendants all reasonable legal fees and expenses incurred by the Plaintiff's attorney.

K. That the Plaintiff recover any further relief as the Court may deem just and proper.

Dated this the 14th day of June, 2021.

Harlan, Slocum & Quillen,

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com


Exhibit List:
Exhibit 1: Order Declaring Current 1502994 7.28.2020
Exhibit 2: Trustee Report Cont Claim 1502994 8.2020
Exhibit 3: Claim Detail 1502994 Rears
Exhibit 4: Discharge 1502994 8.27.2020
Exhibit 5: Confirmation Order
Exhibit 6: RFI-TILA Note request
Exhibit 7: RFI- Mortgage Servicing File
Exhibit 8: RFI Life of Loan Transaction History
Exhibit 9: RFI-TILA Owner request
Exhibit 10: RFI_2019.2020 escrow
Exhibit 11: Defendant's Objection
Exhibit 12: Defendant's Withdraw of Objection
Exhibit 13: Defendant's POC
Exhibit 14: NOPPF 4.13.2021
Exhibit 15: Defendant's Response
Exhibit 16: Defendants Second NOPPF 5.20.2021